# C<small>ARCICH</small> O'S<small>HEA</small>, LLC

### A<small>TTORNEYS AT</small> L<small>AW</small>

Sheila E. O'Shea-Criscione
<small>Admitted NJ & NY; R. 1:40 qualified mediator, New Jersey Superior Court</small>

Christopher J. Carcich
<small>Admitted NJ & NY</small>

Ellen Marie Walsh
<small>Admitted NJ & NY</small>

401 Hackensack Ave., Suite 707
Hackensack, New Jersey 07601
–
222 North Main Street
New City, New York 10956
<small>Please Respond to NJ Office</small>

Telephone: 201 988-1308
Direct: 201 450-9664
Facsimile: 201 388-7966
ccarcich@carcichoshea.com

July 29, 2021

*VIA ECF*

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        RE:    Palumbo v. Fashion Institute of Technology, et al.
                  Docket No. 21-cv-1726 (LGS)

Dear Judge Schofield:

We represent Plaintiff Angela Palumbo ("Ms. Palumbo") in this above-referenced matter and submit this correspondence in response to Defendant's July 23, 2021 correspondence regarding a pre-motion discovery conference. Defendant raises two issues, (i) execution of authorizations by Plaintiff for the release of her employment records from subsequent employers; and (ii) an extension of discovery. As indicated by Defendant, Plaintiff agrees that an extension of necessary.

Plaintiff objects to the authorizations because they are needlessly burdensome and may interfere with her current employment. Moreover, the information Defendant seeks to obtain can be obtained by less intrusive means. Defendant failed to request information concerning Plaintiff's mitigation or supplemental employers in their interrogatories and now seek authorizations for information they can acquire by less intrusive means, including Plaintiff's deposition.

Since her termination from Defendant, Plaintiff has had two positions. One with New Jersey City University ("NJCU") from January 25, 2021, to February 23, 2021, and one with Gwynedd Mercy University ("GMU"), which is ongoing. With respect to GMU, Plaintiff is not an employee of the university but employed through a staffing agency as a contract employee. Since her employment

RE:   Palumbo v. Fashion Institute of Technology, et al.
July 29, 2021
Page 2

with GMU is ongoing and on a contract basis, any request for employment records regarding this litigation may negatively impact her continued employment.

Contemporaneously with the submission of this correspondence, we are providing Defendant with 140 additional pages of documents that represent the "onboarding documentation" that Defendant seeks, as well as additional email communications.

Regarding NJCU, Plaintiff has provided documents related to her separation, including the Separation Termination Form, which sets forth the reasons for her separation and why she is ineligible for rehire.  To the extent Defendant has questions regarding Plaintiff's employment, separation, or compensation, she can be asked those questions during her deposition.

For the foregoing reseasons, Plaintiff respectfully submits that Defendant's request for authorizations be denied.  If, after completion of Plaintiff's deposition, there remain questions regarding her compensation, employment, status, or other relevant inquiries, the issue can be revisited.

Regarding availability, I will be out of the office from July 30, 2021, through August 5, 2021, and respectfully request that any conference be scheduled after August 5, 2021, if possible.

We thank Your Honor for her courtesies.

Respectfully submitted.

*Christopher Carcich*

Christopher J. Carcich

cc: All counsel of record (via ECF)

Defendant's July 23, 2021, pre-motion letter (Dkt. No. 31) is construed as a motion to compel and such motion is **DENIED** without prejudice to renewal after Plaintiff's deposition.  The parties' request for an extension of the August 27, 2021, deadline to complete discovery is **DENIED** as premature.  The Clerk of Court is respectfully directed to close the motion at Docket No. 31.

So Ordered.

Dated: August 2, 2021
      New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE